IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br>v.<br><br>CHEN JIAHENG dba SUSETTE, an unknown individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE BY ALTERNATE MEANS UNDER RULE 4(f)(3)<br><br>Case No. 2:22-cv-772 TC DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff DP Creations LLC, dba Bountiful Baby ("Bountiful Baby") moves the court for alternative service of process by email pursuant to Federal Rule of Civil Procedure 4(f)(3). (ECF No. 5.)[1] Bountiful Baby alleges Defendant Chen Jiaheng dba Susette, makes and sells copies of its copyrighted doll sculptures on Amazon. Plaintiff seeks leave to serve Defendant, which is allegedly a resident of China, "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). As set forth herein, the court finds service by email is reasonably calculated to provide Defendant with actual notice of this action. Therefore, Plaintiff's motion is granted.

LEGAL STANDARDS

Federal Rules of Civil Procedure 4(h) governs service of a "foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name." Fed. R. Civ. P. 4(h). The rule directs that such entities may be served outside the United States in the manner prescribed by Rule 4(f), which governs service of an individual located outside the United States. Rule 4(f) permits individuals to be served:

---

[1] This case is referred to the undersigned from Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 8.)

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice …; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). The Tenth Circuit has held that "the relevant inquiry under Rule 4(f)(3) is …. whether the alternative service method in question is 'prohibited' by the agreement." *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020).

Bountiful Baby seeks to serve Chen Jiahen who is doing business as Susette. A "dba" is not a separate legal entity distinct from the underlying individual or entity. Rather, it is merely descriptive of that individual or entity. *See Am. Fam. Mut. Ins. Co. v. Teamcorp., Inc.*, 659 F. Supp. 2d 1115, 1132 (D. Colo. 2009) (finding that a dba was not a separate legal entity). Thus, the same rules are applicable to Chen Jiahen as an individual or entity.

## DISCUSSION

Bountiful Baby is a designer and manufacturer of "reborn dolls," which it sells at www.BountifulBaby.com from its headquarters in West Valley City, Utah. When Plaintiff learned of Defendant's alleged counterfeiting, it submitted an infringement notification to Amazon. In response, Defendant filed a counter-notice under § 512(g) of the Digital Millennium Copyright Act. *See* 17 U.S.C. § 512. The counter-notice provides for consent to jurisdiction of this court and for service of process. It states:

> (I) I am located in the United States and I consent to the jurisdiction of the Federal District Court for the judicial district in which my address is located (OR) I am located outside of the United States and consent to the jurisdiction of any judicial district in which Amazon may be found.

>   (II) I agree to accept service of process from the person who provided
>   notification under section (c)(1)(C) or an agent of such person.

Compl. Ex. E, ECF No. 2-5.

Plaintiff requests leave to complete service by email. The Hague Convention does not expressly prohibit service by email, and courts in this district and other jurisdictions have permitted such service by email under Rule 4(f)(3). *See The Neck Hammock v. Danezen.com*, No. 2:20-CV-287-DAK-DBP, 2020 WL 6364598, at *4-5 (D. Utah Oct. 29, 2020); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (unpublished).

A method of service authorized by Rule 4(f)(3) must also "comport with constitutional notions of due process." *The Neck Hammock, Inc*, 2020 WL 6364598, at *5. To meet due process requirements, the method of service must be "reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017, (9th Cir. 2002).

Based on the evidence before the court, service by email to Defendant is reasonably calculated to provide Defendant with notice of this action and an opportunity to respond. Plaintiff presents evidence that Defendant provided Amazon with an email address of chenjiaheng2021@outlook.com in response to its infringement notification. Defendant also agreed to accept service of process in its response. Accordingly, service via the designated email complies with due process as required by Rule 4(f)(3).

Plaintiff's motion for alternative service is granted. Plaintiff is directed to serve Defendant as follows:

1. By emailing the summons, the complaint, and a copy of this order to Chen Jiahen who is doing business as Susette at chenjiaheng2021@outlook.com three times per week for three consecutive weeks, not more often than once every other day (unless a written response is received acknowledging receipt of service);
2. The subject line of each email shall include, "Service of Federal Court Summons and Complaint as Ordered by the United States District Court for the District of Utah;"
3. Upon completion of these steps, Bountiful Baby shall file proof of compliance with the court's order.

    DATED this 19 January 2023.

                                                      Dustin B. Pead
                                                      United States Magistrate Judge