IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>           Plaintiff,<br>v.<br><br>CHEN JIAHENG dba SUSETTE, an individual,<br><br>           Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR DISCOVERY AFTER DEFAULT<br><br>Case No. 2:22-cv-0772-TC-DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff DP Creations, LLC's dba Bountiful Baby (Bountiful Baby), Motion for Discovery. (ECF No. 14.) On March 28, 2023, a default certificate was entered as to Defendant Chen Jiaheng. Bountiful Baby claims Defendant makes and sells counterfeit copies of its lifelike dolls and products. As set forth herein, the court will grant the motion.[1]

Bountiful Baby alleges Defendant sells knock-off products on Amazon that infringe on its copyrights. Following service of process by alternative means, Defendant failed to answer or defend this matter. The court then entered a default certificate. (ECF No.13.) Plaintiff intends to seek a default judgment against Defendant, however, default judgment "'cannot be entered until the amount of damages has been ascertained.'" *Stampin' Up!, Inc. v. Hurst*, No. 2:16-CV-00886, 2018 WL 2018066, at *6 (D. Utah May 1, 2018) (quoting *Lopez v. Highmark Constr., LLP*, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018)). Bountiful Baby therefore seeks discovery concerning damages.

---

[1] This matter is referred to the undersigned from Judge Dale Kimball in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 8.)

Federal Rule of Civil Procedure 26 governs the scope and timing of discovery in civil cases. Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless exempted by rules not relevant here "or by court order." Fed. R. Civ. P. 26(d)(1). Because Defendant has defaulted, the parties have not conferred as required by Rule 26(f).

This court has broad discretion over the control of discovery. *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). Such latitude extends to allowing discovery in the absence of a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) (allowing a party to conduct discovery prior to a Rule 26(f) conference if ordered by the court). Other courts and this court, have allowed discovery following entry of default but prior to entry of a default judgment. *See, e.g., Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, No. 2:12cv1532, 2015 WL 2450195, at *2 (D. Nev. May 22, 2015) (noting the court had previously granted plaintiffs' ex parte motion to conduct "[d]amages [d]iscovery" against a defaulted defendant); *Zero Down Supply Chain Sols., Inc. v. Glob. Transp. Sols., Inc.*, No. 2:07cv400, 2012 WL 4925368, at *1-2 (D. Utah Oct. 16, 2012) (permitting discovery by the defendants, who defaulted, as to the amount of damages claimed by the plaintiffs, but disallowing discovery "about the underlying cause of [p]laintiffs' damages."); *Advantage Media Grp. v. Debnam*, No. 1:10cv95, 2011 WL 2413408, at *1 (M.D.N.C. June 10, 2011) (declining to enter a default judgment until discovery proceeded on damages).

Here, allowing discovery as to damages before entering default judgment is supported by the record, and is required before default judgment may be entered. The court, therefore will exercise its discretion and allow discovery as to damages prior to a Rule 26(f) conference.

Plaintiff's Motion for Discovery is GRANTED.

DATED this 21 June 2023.

_____
Dustin B. Pead
United States Magistrate Judge