IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISON

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>CHEN JIAHENG dba SUSETTE, an individual,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Case No. 2:22-cv-00772<br><br>District Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff DP Creations, LLC dba Bountiful Baby's (Bountiful Baby) Motion for Default Judgment and Permanent Injunction against Defendant Chen Jiaheng dba Susette. (ECF No. 16.) The Defendant has failed to appear or defend, and default has been entered. (ECF No. 13.) Having reviewed the memoranda, pleadings, and supporting exhibits, the court grants the motion and enters default judgment as follows.

## FACTUAL BACKGROUND

Bountiful Baby is a Utah limited liability company that specializes in selling kits and supplies for the making of "reborn dolls," known for their realism. Bountiful Baby alleges that Jiaheng, an unknown business entity and seller on Amazon.com (Amazon), has made unlawful copies of the works protected by Bountiful Baby's copyrights. Bountiful Baby has sued Jiaheng for copyright infringement.

## LEGAL STANDARD

The Federal Rules of Civil Procedure set forth a two-step process for obtaining a default judgment. Fed. R. Civ. P. 55; <u>DP Creations, LLC v. Li</u>, No. 2:22-cv-00337, 2022 WL 17620388, at *1 (D. Utah Dec. 13, 2022). First, the clerk of court enters default against the defendant for failing to plead or otherwise defend. <u>Id.</u> Once default is entered, the defendant is

1

deemed to have admitted the well-pleaded facts in the complaint. Tripodi v. Welch, 810 F.3d 761, 764 (10th Cir. 2016). The plaintiff must then apply for default judgment; a plaintiff must apply to the court when the judgment is not for a sum certain. Fed. R. Civ. P. 55(b)(2); DUCiv R 55-1(b)(2). The court must assess "subject matter jurisdiction and personal jurisdiction before granting default judgment." Morris v. Khadr, 415 F. Supp. 2d 1323, 1331 (D. Utah 2006). The court must also consider whether there is sufficient basis in the pleadings for the requested judgment. Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010) (citation omitted).

## ANALYSIS

1. **Subject Matter Jurisdiction**

The court has subject matter jurisdiction over this case. Federal courts have exclusive jurisdiction over "any Act of Congress relating to … copyrights." 28 U.S.C. § 1338.

2. **Personal Jurisdiction**

The court also finds it has personal jurisdiction over Jiaheng. By selling the alleged infringing works on Amazon, available nationwide, Jiaheng purposefully directed infringing activities at residents of Utah, and Bountiful Baby's claims relate to those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Jiaheng's alleged copying of Bountiful Baby's copyrighted works was also directed at Bountiful Baby in Utah and is alleged to have caused harm to Bountiful Baby in Utah. (Verified Compl., ECF No. 2 at ¶ 8.)

3. **Default Judgment for Copyright Infringement**

There is sufficient basis in the pleadings for Bountiful Baby's requested judgment. Whether there is sufficient basis in the pleadings depends on whether Jiaheng copied protectable elements of Bountiful Baby's dolls. The Complaint alleges infringement of Bountiful Baby's registered, copyrighted works. (Id. ¶¶ 14–22.) To prove infringement under

17 U.S.C. § 106, two elements must be established: (1) ownership of a valid copyright; and (2) unauthorized "copying" or protectable elements of a copyrighted work. Country Kids 'N City Slicks, Inc. v. Sheen, 77 F.3d 1280, 1284 (10th Cir. 1996). Both elements exist where a defendant made and distributed exact copies of a registered copyrighted work.

Bountiful Baby owns Registration Nos. VA 2-284-757, VA 2-284-759, VA 2-284-629 (the Asserted Copyrights). (ECF No. 2 at ¶ 12.) Accepting the allegations in the Complaint as true, the court finds that Jiaheng made unlawful copies of Bountiful Baby's original works, which are the subject of the Asserted Copyrights, through product listings on Amazon (Amazon Standard Identification Number B0BG8TYPR4). (Id. ¶ 13.) Accordingly, Jiaheng violated 17 U.S.C § 106 through its unauthorized copying of Bountiful Baby's works.

### 4. Damages for Copyright Infringement

An award to Bountiful Baby for statutory damages is warranted. "Default judgment … cannot be entered until the amount of damages has been ascertained." Stampin' Up!, Inc. v. Hurst, No. 2:16-cv-00886, 2018 WL 2018066, at *6–7 (D. Utah May 1, 2018) (citation omitted). This determination ensures plaintiffs receive damages "supported by actual proof." Id. "The court may conduct hearings … when, to enter or effectuate judgment, it needs to … determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). But a hearing is not required where damages "are capable of mathematical calculation." Marcus Food Co. v. DiPanfilo, 671 F.3d 1159, 1172 (10th Cir. 2011). Bountiful Baby seeks statutory damages for Jiaheng's infringement.

The Copyright Act provides a range of statutory damages "in a sum of not less than $750 or more than $30,000 [per work] as the court considers just." 17 U.S.C. § 504(c)(1). Where the

3

copyright owner proves willfulness, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." Major Bob Music v. South Shore Sports Bar Grill, No. 2:08-cv-689, 2010 WL 2653330, at *3 (D. Utah June 30, 2010) (citation omitted).

Bountiful Baby argues that Jiaheng's infringement was willful. (ECF No. 2 at ¶ 18.) "In order to show that the infringement was willful, the plaintiff must prove that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement." Nunes v. Rushton, No. 2:14-cv-627, 2018 WL 2214593, at *1 (D. Utah May 14, 2018). In a similar case involving a different defendant, this court recently found willful behavior where:

> Defendants' behavior indicates that they willfully infringed Bountiful Baby's rights. First, Defendants used exact copies of the photographs and sculptures at issue—Defendants did not mistakenly copy Bountiful Baby's intellectual property. Rather, the evidence demonstrates that they misappropriated the images and sculpture design directly from Bountiful Baby's website with the intent to deceive customers into purchasing their products. Moreover, Defendants acted brazenly. When one counterfeit website was disabled, they opened a new counterfeit website to continue their infringing conduct. Accordingly, the court may award statutory damages up to $150,000 per work.

DP Creations, LLC v. Reborn Baby Mart, No. 2:21-cv-574, 2022 WL 3108232, at *7 (D. Utah Aug. 3, 2022).

The court similarly finds that Jiaheng's infringement was willful here. Jiaheng's behavior indicates willful infringement of Bountiful Baby's copyrights. First, Jiaheng used exact copies of the sculptures at issue. (ECF No. 2 at ¶¶ 13, 16–17.) Second, when confronted with the counterfeiting, Jiaheng submitted false copyright Counter-Notifications to Amazon to maintain the infringing listings. (Id. ¶ 19.) These actions show Jiaheng's knowledge that the conduct was infringing or that Jiaheng acted with reckless disregard for Bountiful Baby's rights.

In determining the amount of statutory damages under the Copyright Act, a court may consider several factors. Klein-Becker USA, LLC v. Englert, No. 2:06-cv-378, 2011 WL 147893, at *14 (D. Utah Jan. 18, 2011). These are:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [copyright]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

Id. (citing Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1117 (2d Cir. 1986)).

The first factor—the expenses saved and the profits reaped—is inconclusive because it is unknown how much Jiaheng has saved in expenses by not licensing or buying Bountiful Baby's copyright. Jiaheng's actual sales and profits are also unknown, as they were not disclosed in the litigation. That Bountiful Baby cannot provide the court with Jiaheng's expenses saved, sales, and profits is unsurprising, nor is it dispositive, as this data is entirely in Jiaheng's control.

The remaining factors weigh in favor of an award of statutory damages. Bountiful Baby has invested significantly in building its unique business. Jiaheng deliberately used Bountiful Baby's successful intellectual property to reap financial gains on the internet, and therefore the deterrent effect on others besides Jiaheng is high. Reborn Baby Mart, 2022 WL 3108232, at *8. As discussed above, Jiaheng's infringement was willful. When confronted with the copyright infringement, Jiaheng made false allegations that the counterfeit products were authorized. (ECF No. 2 at ¶ 19.) Moreover, Jiaheng has not demonstrated any interest in this matter. Jiaheng has not appeared in this case. Accordingly, the court finds that an award of $450,000 in statutory damages—$150,000 per work—is warranted to deter infringing conduct.

### 5. Permanent Injunction

The court grants Bountiful Baby's request for a permanent injunction to prevent Jiaheng from future infringement. To obtain a permanent injunction, a plaintiff must demonstrate: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. Sw. Stainless, LP v. Sappington, 582 F.3d 1176, 1191 (10th Cir. 2009) (citation omitted).

On the first prong, Bountiful Baby has established Jiaheng's liability, and therefore established actual success on the merits. For irreparable harm, "[these] findings are based on … factors [like] the difficulty in calculating damages, the loss of a unique product, and existence of intangible harms such as loss of goodwill and competitive market position." Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1264 (10th Cir. 2004). Because Jiaheng controls the information about the sales of the counterfeit products, and associated profits, the court is unable to calculate the number of sales Bountiful Baby has lost. See Sw. Stainless, 582 F.3d at 1191 ("A district court may find irreparable harm based upon evidence suggesting that it is impossible to precisely calculate the amount of damage plaintiff will suffer." (citation omitted)). It is also impossible to calculate the loss of goodwill and competitive market position. See id. at 1192 (affirming a finding of irreparable harm in part because the damage to customers' goodwill was incalculable). Finally, when confronted with the infringement, Jiaheng took steps to continue the infringing behavior, raising a likelihood of continued infringement that monetary damages cannot remedy. (ECF No. 2 at ¶19.) As a result, Bountiful Baby has established irreparable harm absent a permanent injunction.

On the third prong, the court finds that Bountiful Baby's threatened injury outweighs any hardship to Jiaheng. A permanent injunction will merely prevent Jiaheng from engaging in further unlawful activity. See Klein-Becker USA, LLC v. Tahini, No. 2:07-cv-521, 2008 WL 11340043, at *3 (D. Utah Aug. 15, 2008) ("Producing and selling counterfeit goods is illegal. There can be no cognizable harm to the [d]efendants by the issuance of an order requiring them not to break the law.").

Finally, the injunction, if issued, will not adversely affect the public interest. Entering a preliminary injunction in this case furthers the public interest, in that it protects copyrighted material and will encourage compliance with the Copyright Act. See Autoskill Inc. v. Nat'l Educ. Support. Sys., Inc., 994 F.2d 1476, 1499 (10th Cir. 1993) ("In copyright cases … this factor normally weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections."), overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd., 661 F.3d 495 (10th Cir. 2011).

Accordingly, the court grants Bountiful Baby's motion for a preliminary injunction.

6. **Attorney's Fees**

The court will also allow Bountiful Baby to recover $7,939.75 in attorney's fees and $1,509.09 in costs associated with the present litigation. In support of this request, Bountiful Baby's counsel submitted a declaration with a spreadsheet of fees and costs attached. The spreadsheet outlines the billing rates for the three individuals who worked on this case, as well as brief descriptions of the work performed.

The Copyright Act permits the courts to award a prevailing party its "full costs," including "reasonable attorney's fee[s]." 17 U.S.C. § 505. "Under the Copyright Act, an award of fees is appropriate to promote the goal of deterrence where the evidence supports a finding of

7

willfulness." <u>Tu v. TAD Sys. Tech. Inc.</u>, No. 08-cv-3822, 2009 WL 2905780, at *8 (E.D.N.Y. Sep. 10, 2009).  As established above, the court finds that Jiaheng acted willfully in infringing Bountiful Baby's copyright.  Accordingly, to further the goal of deterrence, the court finds that Bountiful Baby is entitled to $9,448.84 in attorney's fees and costs.

## ORDER

The court ORDERS as follows:

1. The court enters default judgment against Defendant Chen Jiaheng and awards Bountiful Baby damages in the amount of $450,000.

2. The court GRANTS Bountiful Baby's motion for a permanent injunction (ECF No. 16).

3. The court awards Bountiful Baby attorney's fees and costs in the amount of $9,448.84.

DATED this 15th day of November, 2023.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge